Decided 4 December, 1905.

**MILLS *v.* MILLS.**

83 Pac. 390.

</div>

Divorce for Cruelty—Evidence of Violence.

1. Where, in a suit for divorce for cruelty, the only personal violence shown is in defendant's attempt to hold plantiff away to prevent her from taking forcible possession of their child, and indicates no wilful purpose or desire on his part to do her personal injury, it is not sufficient to sustain a decree in her favor.

Divorce—Cruel Language—Equal Capacity of Parties.

2. Although a husband and wife quarreled on various occasions, during which highly unbecoming language was used, it cannot be said that either was so cruel toward the other as to justify a decree of divorce where it appears that they were equally forceful, ready and skillful in the use of a picturesque and varied vocabulary.

Divorce—Custody of Children.

3. A divorce having been granted to a husband on account of the adultery of the wife, the custody of children not so young as to require a mother's personal attention should be awarded to the father, subject to such privilege of visitation as may seem appropriate.

From Baker: Samuel White, Judge.

Suit for divorce by Lena D. Mills against William E. Mills, in which defendant filed a cross-complaint also asking a divorce. There was a decree dismissing both complaints, from which William E. Mills appeals.

<div align="right">Reversed.</div>

For appellant there was a brief over the names of *Olmstead & Strayer* and *C. F. Hyde*, with an oral argument by *Mr. W. H. Strayer.*

For respondent there was neither brief nor oral argument.

PER CURIAM. 1. This is a suit for divorce in which each party is asking for a legal separation from the other ; the plaintiff by her complaint, and the defendant by his answer by way of cross-complaint. The basis of plaintiff's suit is cruel and inhuman treatment; that of defendant alleged acts of adultery by the plaintiff. Mrs. Mills, by her own testimony and that of some other witnesses, shows that on two occasions the defendant choked her while angry and used toward her some vile and opprobrious language. As to the personal violence, the proofs, on the other hand, indicate that upon each occasion the parties were engaged in an attempt each to retain possession of their minor child, and that, if any violence was exerted by defendant toward plaintiff, it was only to hold her away so as to prevent her from taking the child from him. We are firmly of the view that there was no wilful purpose or desire on the part of defendant to do her personal injury, and it is very apparent that he did nothing of the kind.

2. There may have been some language used by the defendant towards plaintiff that was altogether inexcusable, but is also apparent that the plaintiff was equally as forceful in the same direction in her own expressions directed towards the defendant, so that neither party can claim an advantage on that ground. As it pertains to the alleged threat to kill, the preponderance of the evidence disproves it. This disposed of plaintiff's cause of suit.

3. As to that preferred by the defendant, we are firmly convinced that it has been proven. The plaintiff has doubtless been guilty of acts of adultery with one Widdowson. This has been shown by a reliable witness who came upon them unawares in a comprising position, and by many other witnesses who have taken note of their

acts and demeanor until they have almost become a public scandal. The plaintiff and Widdowson deny that they have been guilty of any such unbecoming acts of indecency, but a careful reading of the whole evidence convicts them in our minds unquestionably of the charges. It is unnecessary in a case of this nature that we make extended reference to the evidence, or discuss the matter largely, but it is sufficient that we are convinced that the charges have been proven. These considerations lead to a reversal of the decree of the trial court. The plaintiff being in the fault, and because of her loose conduct, the custody of the minor child should be given to the father. The decree of this court will therefore be that the defendant have a divorce from the plaintiff, and that he have the care and custody of the minor child, subject to such opportunity to see and visit it as the circuit court may, upon proper application, determine.                    :    REVERSED.